## In re BIRD COPYING MACHINES, INC., Bankrupt.

### Felipe Pla FERNANDEZ, Trustee-Appellee,

v.

### MUNICIPIO DE SAN JUAN et al., Defendant-Appellant.

No. 79–1489.

United States Court of Appeals, First Circuit.

Argued Feb. 6, 1980.

Decided April 8, 1980.

Robert E. Schneider, Jr., Santurce, P. R., for defendant-appellant.

Jose R. Otero, Hato, P. R., with whom Otero Suro & Otero Suro, Hato, P. R., was on brief, for trustee-appellee.

Before COFFIN, Chief Judge, WISDOM,* Senior Circuit Judge, and CAMPBELL, Circuit Judge.

WISDOM, Circuit Judge.

This case involves construction of the vendor's warranty against redhibitory (hidden) defects. The district court held that a vendee must show that it did not misuse the product and thereby cause the malfunction. We reverse. We interpret Puerto Rico law to require the vendor to bear the burden of alleging and proving misuse of the product by the vendee.

On February 23, 1978, the Municipality of San Juan (San Juan) requisitioned a Royal Bond II photocopying machine for $4,500. Bird Copying Machine, Inc. (Bird), offered San Juan a used Model C–1500 photocopying machine for $3,803.70. On March 3, San Juan changed the requisition to reduce the price to $3,803.70 and to specify a Model C–1500, and Bird delivered the machine to San Juan. Documents accompanying the machine stated that the price included all costs until delivered and certified that the machine was in accordance with the specifications and that payment had not been received. On April 4 San Juan approved an invoice for the machine, and on May 10 it issued a check to Bird for $3,803.70. Sometime after the delivery the machine did not work properly, and the city demanded that Bird repair it. When Bird failed to do so, San Juan stopped payment on the check.

Meanwhile, Bird filed a Chapter XI bankruptcy. The trustee for the bankrupt filed a complaint to recover payment for the machine from San Juan. San Juan answered that Bird had failed to provide service and asked for rescission of the contract. The bankruptcy court held that the problem was a result of a hidden defect and that "there was no evidence of improper operation by the Municipality". Bird appealed to the district court. The court noted that the bankruptcy judge had found that the machine did not work and that San Juan had complained about it within the six month period required by law. See P.R.Laws Ann. Tit. 31, § 3847. It reversed the bankruptcy court and remanded the case for entry of judgment for Bird, however, because the bankruptcy court "did not decide whether the defect was a hidden defect in the machine or the result of improper operation by the Municipality". So long as this issue remained undecided, a court could not conclude rescission was justified; "[t]he Municipality failed to meet its burden of proof under the indicated standards". We conclude that the district court misread Puerto Rico law.

* Of the Fifth Circuit, sitting by designation.

■ We start, as we must, with the Civil Code. Section 3841 provides the following warranty against hidden defects:

The vendor is bound to give a warranty against hidden defects which the thing sold may have should they render it unfit for the use to which it was destined or if they should diminish said use in such manner that had the vendee had knowledge thereof he would not have acquired it or would have given a lower price for it; but said vendor shall not be liable for the patent defects or those which may be visible, neither for those which are not visible if the vendee should be an expert and who by reason of his trade or profession should easily perceive them.

P.R. Laws Ann. Tit. 31, § 3841. A vendor is liable for hidden defects even if he does not know about them. *Id.* § 3842. If the warranty is violated, the vendee may ask for rescission or for a proportional reduction of the price. *Id.* § 3843.

The leading case in Puerto Rico on the warranty against hidden defects is *Ferrer v. General Motors Corp.*, 100 P.R.R. 244 (P.R. S.Ct.1971). It involved a contention that General Motors violated the warranty against hidden defects by selling Ferrer an automobile which required replacement of tires at an incredibly excessive rate.[1] The Supreme Court pointed out:

The [trial] court also committed error in concluding that it was not established that the vehicle had any hidden or redhibitory defect or that appellees [vendors] breached their contractual obligations. These conclusions would be correct if the traditional rules of burden of proof were applied to cases such as the instant case.

. . .

*Id.* at 250. (In the case before us the district court committed the same error.) But, the Court said, "the purchaser of a vehicle is not an expert in automobile mechanics". *Id.* In a redhibitory action based on the warranty against hidden defects, "the purchaser is only bound to establish . . .

that the vehicle which he bought does not work properly and that the defendant had the opportunity of correcting the defect but it did not correct it or could not correct it. Defendant is exempt from liability if as an affirmative defense it shows—what it did not do here—that the abnormal performance is caused by the plaintiff's [vendee's] acts." *Id.* at 252.

The burden of demonstrating misuse is on the vendor. A vendor/manufacturer usually has more knowledge than the vendee about the working of the object sold and could therefore more easily determine the reason why it did not perform properly. The Court cited a California decision which reasoned that "[i]t would place a tremendous burden upon the purchaser, who is generally a layman concerning mechanics, to have him find the precise part or parts of the vehicle which are defective or which cause the problem". *Id.* at 251, *summarizing Allen v. Brown*, 181 Kan. 301, 310 P.2d 923 (1957).

■ *Ferrer* lists four requirements for the application of the warranty against hidden defects:

The doctrine proclaims that in order to be subject to warranty the hidden defects (1) should be unknown to the vendee, (2) the defect should be serious or very important for it to render the thing unfit for the use to which it was destined or which diminishes said use in such manner that had the vendee had knowledge thereof he would not have acquired it or would have given a lower price for it, (3) that it is pre-existent to the sale and (4) that the action be brought in the legal period, which is of six months counted from the delivery of the thing sold.

The Municipality met these requirements. Although the record does not state whether Bird manufactured the machine, the omission is irrelevant because *Ferrer* held the manufacturer, the vendor, and the Puerto Rico dealer solidarily liable. *Id.* at 256. Moreover, Bird has some expertise in the

---

[1] Although General Motors had given an express warranty in *Ferrer*, the Court regarded that warranty as a contract of adhesion and decided the case on the codal doctrine of redhibition. *See* 100 P.R.R. at 252–55.

operation and repair of copying machines because, as the bankruptcy court found, it had offered to service the machine although it never actually provided service. In the instant case, as in *Ferrer*, the vendor failed to show that "the abnormal performance [was] caused by the [vendee's] acts".

We therefore REVERSE and render judgment in favor of the Municipio de San Juan.